UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| "STANLEY" YI WANG, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:07CV1007 HEA |
| ) | |
| ROBERT S. MUELLER, et al., ) | |
| ) | |
| Defendants, ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, or in the Alternative for Remand, [Doc. No. 4]. Plaintiff opposes the Motion and the parties have extensively briefed the issues. For the reasons set forth below, the alternative motion to remand will be granted.

Plaintiff asks this Court to adjudicate his application for naturalization. Plaintiff, a permanent resident alien, applied for naturalization on March 18, 2004. The USCIS instituted the FBI name check on April 9, 2004. This background check has not yet been completed. On August 10, 2004, Plaintiff was interviewed by the USCIS. Plaintiff successfully passed the English and U.S. history and government tests.

Defendants initially argued that this matter is not ripe for adjudication based of a Fifth Circuit opinion issued in *Warji v. Gonzales*, 2007 U.S. App. LEXIS

14450. On September 14, 2007, however, that court withdrew its prior opinion and substituted an opinion which concludes that the district court below did have jurisdiction to consider plaintiff's lawsuit for adjudication of his application for citizenship. The Court agrees with the subsequent opinion issued in *Warji*, and the authority cited therein, including cases from this Court, that the Court has subject matter jurisdiction, pursuant to 8 U.S.C. § 1447(b). Section 1447(b) provides:

> [i]f there is a failure to make a determination under section 1446 of this title before the end of the 120 day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter, or remand the matter, with appropriate instructions, to the Service to determine the mater.

8 U.S.C. § 1447(b).

The Court, however, also agrees with those cases which hold that the Court is in no better position than the USCIS to adjudicate Plaintiff's application. Moreover, this Court cannot, at this stage of the proceedings, adjudicate the application by reason of the fact that the FBI background check has not been completed. *See Bengana v. Chertoff*, 2007 WL 1385690, *2 (E.D. Mo. May 8, 2007) (remanding case to USCIS pending results of FBI background check because USCIS "is best qualified to adjudicate the plaintiff's application following completion of a

background investigation;" *Shalabi v. Gonzales*, 2006 WL 3032413, *5 (E.D. Mo. October 23, 2006); *Hamim v. Chertoff*, 2007 WL 679643, *3 (E.D. Mo. March 1, 2007) (remanding because the "Court is not in a position to complete the required background investigation and is therefore beholden to the FBI, as is the USCIS, to complete the required investigation"); *Al-Ashwan v. Chertoff*, 2007 U.S. Dist. LEXIS 8677 (E.D. Mo. February 7, 2007) (remanding because USCIS "is in a better position to complete the application process than this Court"); *Ji v. Gonzales*, 2006 U.S. Dist. LEXIS 85925 (E.D. Mo. 2006) (remanding to USCIS because it would "contravene" Congress' intent if the Court granted naturalization before the FBI background check was completed).

While the Court is greatly sympathetic to Plaintiff's desire to become a naturalized citizen, particularly after having to wait for so long, Plaintiff's application cannot be placed ahead of the other individuals awaiting naturalization with the same desire. The Court is confident that the FBI is processing Plaintiff's background check with diligence and perseverance. The Court will therefore remand this matter to the USCIS for final determination.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 4] is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion, in the alternative, to Remand is granted, with instructions that the USCIS make a determination on Plaintiff's Application as expeditiously as possible but in no event later than thirty days after the FBI completes Plaintiff's background check

Dated this 26th day of September, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE