UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| "STANLEY" YI WANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1007 HEA |
| ) | |
| ROBERT S. MUELLER, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment of September 26, 2007, [Doc. 15], pursuant to Rule 59 of the Federal Rules of Civil Procedure. Defendants[1] On September 26, 2007, the Court granted Defendants' well-taken Motion to Remand this matter to the USCIS for final determination. The Court ordered the ASCUS to make a determination on Plaintiff's application for naturalization as expeditiously as possible, but no later than 30 days after the completion of Plaintiff's FBI background check. Plaintiff seeks an order altering or amending this Order of Remand to require USCIS to make a determination within 120 days.

District courts enjoy broad discretion in ruling on motions to reconsider. *See*

---

[1] On September 17, 2007, Peter D. Keisler was appointed Acting Attorney General of the United States. Mr. Keisler is therefore substituted in place of Alberto Gonzales.

*Concordia College Corp. v. W.R. Grace & Co.,* 999 F.2d 326, 330 (8th Cir.1993). Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no more than 10 days after the entry of the judgment." Fed.R.Civ.P. 59(e). The Eighth Circuit has explained that Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care v. P.T.--O. T. Assoc. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir. 1998)(quoting *Norman v. Arkansas Dep't of Educ.,* 79 F.3d 748, 750 (8th Cir. 1996)). Motions under Rule 59(e) serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* Rule 59(e) motions are not proper vehicles for raising new arguments or legal theories. *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.,* 367 F.3d 831, 834 (8th Cir.2004). Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *Id.* (citations and quotations omitted).

In its Opinion, Memorandum and Order, the Court plainly and simply articulated the basis for remanding this matter to the USCIS for adjudication after

completion of the required FBI background check. Plaintiff, in this current motion, reiterates the same arguments he made in opposition to Defendants Motion to Dismiss or in the Alternative, for Remand. Plaintiff has not presented any newly discovered evidence, nor does he point to any mistake as to law or fact. While Plaintiff attempts to construe the remand as an "oversight," there is nothing in this record which can in any way establish an oversight as to the law in this District. The Court analyzed the statutory provisions applicable to adjudication of applications for naturalization, and applied those provisions consistent with that analysis. While Plaintiff may feel he is entitled a more expeditious adjudication of his application, the law does not entitle Plaintiff to step ahead of others waiting for the similar adjudications.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Judgment of September 26, 2007, [Doc. 15], is DENIED.

Dated this 5th day of November, 2007.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE